IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:

**FILED**
JUL 0 2 2004
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| Okatie Hotel Group, LLC, | |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF REMOVAL |
| Amerisure Insurance Company, | |
| Defendant. | 2  04  2212  23 |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION:

The Defendant, Amerisure Insurance Company, would respectfully show in support of its notice of removal that:

1. This action was commenced on or about June 2, 2004 in a Court of Common Pleas for Charleston County, South Carolina. A copy of the Plaintiff's Summons and Complaint are attached, there being no other, pleadings or orders served upon the Defendant in this action.

2. This action is one of a civil nature over which the District Courts of the United States have original jurisdiction, said action having been brought by the Plaintiff against the Defendant for a direct action to recover on an insurance contract by a judgment creditor of a construction company insured by Amerisure.

3. The amount in controversy exceeds Seventy five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, all of which will more fully appear from the attached Complaint; there is complete diversity of citizenship and, therefore, this Court has jurisdiction in accordance with Title 28 U.S.C. §1332(a)(1).



4.      Venue in this matter is proper in the Charleston Division in this Court in accordance with Title 28 U.S.C. §1441(a).

5.      Upon information and belief, at the time of the commencement of this action, the Plaintiff is a corporation organized and existing under the laws of the state of South Carolina, the Defendant is a company organized under the laws of the state of Michigan with its principal place of business in the State of Michigan, by reason of which there is a diversity of citizenship between the Plaintiff and the Defendant.

6.      The Defendant, Amerisure Insurance Company, has filed no pleadings in this action with the Court of Common Pleas for the State of South Carolina; however, the Defendant's Answer is filed contemporaneously herewith.

7.      The Defendant has furnished to the Clerk of Court for Charleston County a copy of this Notice of Removal.

MURPHY & GRANTLAND, P.A.

J.R. Murphy, Esquire
Federal I.D. No. 3119
2110 Beltline Boulevard
PO Box 6648
Columbia, South Carolina 29260
(803) 782-4100
Attorneys for the Defendant

July 1, 2004
Columbia, South Carolina

2

06/11/2004  09:26
06/11/2004  09:24

NO.110  P004

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| OKATIE HOTEL GROUP, LLC, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2004 - CP - 10 - 2288 |
| vs. | ) | |
| | ) | |
| AMERISURE INSURANCE COMPANY, | ) | |
| Defendant(s) | ) | |

| (Please Print) | SC Bar #: | 1063 |
|---|---|---|
| Submitted By: Richard D. Bybee | Telephone #: | 843.881.1623 |
| Address: Smith, Bundy, Bybee & Barnett, P.C. | Fax #: | 843.881.4406 |
| P.O. Box 1542, Mt. Pleasant, SC 29465-1542 | Other: | n/a |
| | E-mail: | rdb@s3blaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check one box below)

☒ JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION
(Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Construction (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other Malpractice (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Wrongful Breach (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Other (399) | ☐ Possession (450) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Driver License Reinstate (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750)** | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| Special/Complex/Other | | | ☐ Zoning Board (970) |
| ☐ Environmental (600) | | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | | | |
| ☐ Medical (620) | | | |
| ☐ Other (699) | | | |

** Check only if Summons & Complaint to follow in 20 days

Submitting Party Signature: _____  Date: 5/26/04

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (3/04)                                                                                                    Page 1 of 2

06/11/2004  09:26
06/11/2004  09:24                                                                NO.110   P005

STATE OF SOUTH CAROLINA            )   IN THE COURT OF COMMON PLEAS
                                   )   FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON               )   Case No.: 04-CP-10-2288
                                   )
OKATIE HOTEL GROUP, LLC,           )
                                   )
            Plaintiff,             )
                                   )   SUMMONS
v.                                 )
                                   )
AMERISURE INSURANCE COMPANY,       )
                                   )
            Defendant.             )
_____)

TO:   THE DEFENDANTS ABOVE NAMED

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your written response to the said Complaint on the subscribers at the law offices of Smith, Bundy, Bybee & Barnett, P.C., 1037 Chuck Dawley Boulevard, Suite 100, Building F, P.O. Box 1542, Mt. Pleasant, SC 29465-1542, within thirty (30) days after the date of service hereof, exclusive of the day of service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiffs in this action will apply to the Court for the relief demanded in the Complaint.

SMITH, BUNDY, BYBEE & BARNETT, P.C.

_____
W.H. Bundy, Jr.
Richard D. Bybee
P.O. Box 1542
Mt. Pleasant, SC 29465-1542
843.881.1623 Telephone
843.881.4406 Facsimile

ATTORNEYS FOR THE PLAINTIFFS

Charleston, SC
May 26, 2004

06/11/2004  09:26
06/11/2004  09:24                                                                NO.110  P006

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | Case No.: 04-CP-10-____ |
| ) | |
| OKATIE HOTEL GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | (Direct action to recover Judgment) |
| ) | Jury Trial Requested |
| AMERISURE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## FOR A FIRST CAUSE OF ACTION

1. That the Plaintiff Okatie Hotel Group, LLC (hereinafter Okatie) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina. Okatie is an organization which, pursuant to the insurance policies set forth below, may sue Defendant, as an intended 3rd party beneficiary, to recover on a final judgment against Defendant's insured obtained of after trial.

2. That the Devcon Group, Inc. (hereinafter Devcon) is, upon information and belief, a foreign corporation organized and existing under the laws outside the State of South Carolina with its principal place of business in the State of Florida. Devcon was the contractor for the construction of the sixty-six (66) room Fairfield Inn Marriott, Okatie Center, Beaufort, South Carolina (hereinafter the Subject Property), pursuant to a contract with Okatie.

3. That the Defendant Amerisure Insurance Company (hereinafter Amerisure) is, upon information and belief, a licensed foreign corporation organized and existing under the laws outside the State of South Carolina with its principal place of business in the State of Florida and is engaged in the insurance industry in South Carolina. Amerisure issued four (4) commercial general liability policies of insurance with contractual and completed operation coverage to

1

Devcon in connection with the construction of the Subject Property. Policy numbers and coverage periods are as follows:

CPP-1156072-0098 - January 15, 1998 until cancellation;
CPP1156072050000 - January 15, 1999 until cancellation;
CPP1156072070000 - January 15, 2000 to January 15, 2001; and
CPP1156072080001 - January 15, 2001 to January 15, 2002.

4. That the insurance provided coverage to Devcon for property damage caused by an occurrence to the completed Subject Property.

5. That upon information and belief, construction began on the Subject Property on October 8, 1998 and was completed on December 3, 1999, during the time that Amerisure's policies were in effect.

6. That after completion, the Subject Property was continuously and repeatedly exposed to leaks and moisture infiltration resulting in an "occurrence" within the terms of the insurance policies causing "property damage."

7. That the work in question was performed or omitted by Devcon's subcontractors and Devcon did not know or expect that the work would fail. This made the failure both an "occurrence" and an "accident" within the terms of the policies. The damages were caused by the acts of Devcon's subcontractors which became apparent in the fall of 2001.

8. That Devcon filed a mechanic's lien and subsequently a suit to foreclose. Okatie answered and denied liability. Later, Okatie supplemented its answer to assert a negligence counterclaim against Devcon. The negligence claim focused upon the serious damage to the building as a result of mold and moisture arising from the actions of Devcon's subcontractors. The Beaufort County Circuit Court rendered a final judgment against Devcon in the amount of SEVEN HUNDRED FIFTY-SEVEN THOUSAND, ONE HUNDRED FIFTY-NINE & NO/100 DOLLARS ($757,159.00) as set forth in Judge Kemmerlin's Order of June 5, 2003.

06/11/2004  09:27
06/11/2004  09:24                                                           NO.110    P008

9. That Amerisure, despite appropriate notice and repeated demands, has failed to satisfy said judgment as required by its policy of insurance issued to Devcon. Amerisure's policy language makes Plaintiff an intended 3rd party beneficiary of said policies and grants Plaintiff the contractual right to sue Amerisure for those damages as set forth below:

> SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS
> 3. Legal Action Against Us
>    A person or organization may sue us to recover ... on a final judgment against an insured obtained after an actual trial ....

10. That the Plaintiff has been damaged by Amerisure's failure to satisfy the judgment against its insured in the amount of SEVEN HUNDRED FIFTY-SEVEN THOUSAND, ONE HUNDRED FIFTY-NINE & NO/100 DOLLARS ($757,159.00) as awarded in the Okatie Center litigation.

WHEREFORE, Plaintiff prays for judgment in the amount of the judgment awarded in the Okatie Center litigation, interest, costs, and such other relief as this Court deems just and proper.

SMITH, BUNDY, BYBEE & BARNETT, P.C.

*/s/ W.H. Bundy, Jr.*
W.H. Bundy, Jr.
Richard D. Bybee
P.O. Box 1542
Mt. Pleasant, SC 29465-1542
843.881.1623 Telephone
843.881.4406 Facsimile

ATTORNEYS FOR THE PLAINTIFF

Charleston, SC
May 26, 2004

3